**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:  | C/A No. 15-04465-HB |
| Angela Faith Hoke, | Chapter 13 |
| Debtor(s). | **ORDER REGARDING OBJECTIONS TO CLAIMS** |

**THIS MATTER** came before the Court for hearing[1] to consider Debtor's Amended Objections to Claims filed by Midland Credit Management Inc. as agent for Midland Funding, LLC ("Midland")[2] and Midland's response thereto.[3] To resolve the matter, the Court must determine whether proofs of claim filed by Midland comply with Fed. R. Bankr. P. 3001(c)(2)(A) and if not, Debtor seeks relief pursuant to Fed. R. Bankr. P. 3001(c)(2)(D) as well as Fed. R. Bankr. P. 9011 and 11 U.S.C. § 105. F. Lee O'Steen appeared at the hearing on behalf of Debtor and B. Keith Poston appeared on behalf of Midland.

Midland filed 6 claims in this case.[4] Despite failing to check the box on the Official Form (for the original claims) or checking the box "No" on the Official Form (for the amended claims) when asked whether the claim amounts include interest or other charges, the attachments to Midland's amended claims show that they do include, in addition to their principal amount, "interest, fees, expenses, or other charges incurred before the

---

[1] At the request of the parties, on May 19, 2017, the Court entered an Order Consolidating Contested Matters in a number of cases presenting identical issues, providing that the hearing on various objections to claims shall be consolidated only for the purposes of argument, evidentiary submission, and testimony. An evidentiary hearing was held on May 25, 2017.
[2] ECF Nos. 18 – 19, filed Feb. 8, 2017.
[3] ECF No. 24, filed Mar. 23, 2017.
[4] POC Nos. 15 – 20, filed Nov. 20, 2015. POC Nos. 15 – 16, 18, and 20 were amended Jan. 25, 2017, after Debtor's first objections. *See* ECF Nos. 14 – 17, filed Jan. 17, 2017. At the hearing, Debtor withdrew the Amended Objections to POC Nos. 16 & 20. No objections were filed as to POC Nos. 17 & 19.

petition was filed," as described in 3001(c)(2)(A). Attaching to a claim an itemization of any "interest, fees, expenses, or other charges," yet indicating on the Official Form that the claim *does not* include interest, fees, expenses, or other charges is irreconcilable and erroneous. *McClain v. Midland Funding LLC, et al.*, C/A No. 15-3419-HB, Adv. Pro. No. 16-80100, slip op. at 7-8 (Bankr. D.S.C. Jun. 7, 2017). Therefore, Midland has failed to comply with 3001(c)(2)(A). *Id.*; *Jowers v. Midland Funding, LLC, et al.*, C/A No. 16-01667-DD, Adv. Pro. No. 16-80101-DD, slip op. at 9 (Bankr. D.S.C. May 23, 2017); *Maddux et al. v. Midland Credit Mgmt.*, C/A No. 15-33574, 2016 WL 8808176, at *5, *9 (Bankr. E.D. Va. Dec. 1, 2016).

Debtor fails to call into question the validity or amount of Midland's amended claims and has failed to show how 3001(f) or 3001(c)(2)(D)(i) should be employed here. Therefore, no relief will be granted pursuant to those Rules. However, the record indicates that Midland's failure to meet the requirements of 3001(c)(2)(A) has undermined the Bankruptcy Code's goal to promote efficient and economical administration of bankruptcy estates, frustrated the claims review process and caused Debtor's counsel to expend additional time and effort. Consequently, 3001(c)(2)(D)(ii) allows "appropriate relief, including reasonable expenses and attorney's fees caused by the failure" and does not limit application to claims that are limited or disallowed. The Court, therefore, finds Debtor is entitled to reasonable expenses and attorney's fees caused by Midland's failure to comply with 3001(c)(2)(A).

Debtor also requests Midland be sanctioned pursuant to § 105 and Fed. R. Bankr. P. 9011 for its failure to comply with 3001(c)(2)(A). Although 9011 applies to proofs of claim, *see e.g., In re Hannon*, 421 B.R. 728, 731 (Bankr. M.D. Pa. 2009), "it is procedurally

improper to include a request for Fed. R. Bankr. P. 9011 sanctions with an Objection to Proof of Claim." *In re Sammon*, 253 B.R. 672, 678 (Bankr. D.S.C. 2000) (citations omitted). Additionally, 9011 includes a "'safe-harbor' provision . . . intended to give the parties against whom the motion is directed an opportunity to remedy the alleged wrongs in order to escape the possible sanctions." *Id.* at 679; Fed. R. Bankr. P. 9011(c). Debtor failed to follow the procedural constructs set forth in 9011 in order to provide Midland with proper notice to cure the allegedly sanctionable conduct. Therefore, no relief pursuant to 9011 and § 105 shall be granted. Any other relief requested in the Amended Objections to Claims is denied.

**IT IS, THEREFORE, ORDERED:**

1. Midland's amended claim nos. 15 and 18 are allowed;

2. the claims do not comply with the requirements of Fed. R. Bankr. P. 3001(c)(2)(A);

3. pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(ii), Debtor is entitled to reasonable expenses and attorney's fees caused by Midland's failure to comply. Debtor's counsel shall file within **fourteen (14) days** from entry of this Order an affidavit reflecting such amounts. Thereafter, Midland shall have **seven (7) days** from the time of filing to object.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**06/12/2017**



US Bankruptcy Judge
District of South Carolina

Entered: 06/12/2017